```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES M. SHIELDS,
                                                            MEMORANDUM AND ORDER
                    Plaintiff,                              11-CV-2088 (FB)

        -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

                    Defendant.
------------------------------------------------------------x
```

*Appearances:*
| | |
|---|---|
| *For the Plaintiff:* | *For the Defendant:* |
| ANTHONY MICHAEL CAMISA, ESQ. | LORETTA E. LYNCH, ESQ. |
| ANTHONY MICHAEL CAMISA, P.C. | United States Attorney |
| 323 Willis Avenue | JAMES R. CHO, ESQ. |
| Mineola, NY 11501 | Assistant United States Attorney |
| | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

Having prevailed in this Court by obtaining an order of remand, counsel for Shields now moves for an award of fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). This statute provides for an award of attorney's fees and other expenses to a prevailing party in certain civil actions against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. *See id.* While the Commissioner of Social Security ("Commissioner") concedes that Shields is a "prevailing party" within the meaning of the statute, he nevertheless contends that such an award would be unjust due to Shields' failure to develop the record. Specifically, the Commissioner alleges that Shields failed to submit updated records from his treating

physician, Dr. Weiss, to the ALJ, and instead sent the records to the Appeals Council. The Commissioner argues that Shields' actions were in error, and that because they caused the subsequent remand he should not be awarded fees.

The Commissioner's argument is unavailing for a number of reasons. First, Shields has explained that he did not receive Dr. Weiss' report until *after* the ALJ rendered an adverse decision - thereby precluding his ability to submit the evidence for the ALJ's consideration.[1] Regardless, the Court's remand order was based on a failure of the Appeals Council to review the ALJ's disability determination after having received Dr. Weiss' functional assessment. Order at 3-4 ("[T]he Appeals Council improperly determined that the new evidence submitted by Dr. Weiss was immaterial."). According to Shields, after receipt he promptly forwarded Dr. Weiss' report to the Appeals Council for consideration as new evidence. Pl's Mem. of Law at 3, AR at 149. The Court thus finds that an award of fees pursuant to the EAJA is warranted under the present circumstances. *See Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011) ("[I]f counsel's entitlement to fees is questioned due to an undeveloped record, it must be clear that counsel bore primary responsibility for those deficiencies before the fee recovery is reduced.").

The Commissioner next argues that Shields' request for fees should be reduced as excessive. Shields' counsel seek an award of $7,932.64 in fees for 43 hours of work, plus a filing fee of $350. The Commissioner takes issue with 11 hours of legal research billed by one of Shields' attorneys, and asks that the Court reduce this amount to 2 hours. The billing

---

[1] The ALJ issued her decision on March 31, 2010, while Shields received Dr. Weiss' records in May 2010. Pl's Mem. of Law at 2.

2

itemization submitted by Shields' counsel reveals that the 11 hours billed by attorney Pierre related to both research and argument. Pl's Mem. of Law Ex. A. The Court finds that given the number and complexity of issues present in Shields' case, this expenditure of time was not excessive. *See Hensley v. Eckerhart*, 461 U.S. 424, 432, 437 (1983) ("[T]he district court has discretion in determining the amount of a fee award."). The combined total of 43 hours billed by Shields' attorneys is likewise reasonable given the range generally considered acceptable for disability cases. *See Cruz v. Apfel*, 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999) ("Courts in this jurisdiction have commonly found that Social Security disability benefits cases . . . require twenty to forty hours of time.") (citing *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987)). Accordingly, the Court awards Shields $7,932.64 in fees plus $350 in filing costs, to be paid to counsel after it has been determined that Shields does not owe a federal debt subject to collection.

      **SO ORDERED.**

FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
September 11, 2012